Case 1:20-cv-00058   Document 19   Filed on 11/17/20 in TXSD   Page 1 of 14

United States District Court
Southern District of Texas
**ENTERED**
November 17, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ALL HEAVY MOVERS DE MEXICO, <br> S.A. De C.V., <br> Plaintiff <br> <br> v. <br> <br> ARMAMEX INTERNATIONAL, INC., <br> Defendant | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No. 1:20-cv-058 |

# MAGISTRATE JUDGE'S
# REPORT AND RECOMMENDATION

Pending before the Court is Defendant's "Motion to Dismiss Based on Forum Non Conveniens" (hereinafter, "Motion" or "Motion to Dismiss"). Dkt. No. 15. For the reasons provided below, it is recommended that the Court **DENY** Defendant's Motion.

## I. Jurisdiction

Plaintiff, All Heavy Movers De Mexico, S.A. De C.V., (hereinafter, Plaintiff or "AHM") is a Mexican corporation; Defendant Armamex International, Inc., (hereinafter, Defendant or "Armamex") is a Texas corporation residing in the Southern District of Texas. Dkt. No. 1 at 1, ¶¶ 1-2; Dkt. No. 9 at 1, ¶¶ 1-2. The Court has federal diversity jurisdiction over this action. *See* 28 U.S.C. § 1332 (providing for federal diversity jurisdiction when there is complete diversity between the parties).

## II. Procedural History

AHM filed its Complaint against Armamex in this Division on April 21, 2020. Dkt. No. 1. In brief, AHM's Complaint states that: (1) it transported heavy equipment from

Puebla, Mexico to Veracruz, Mexico, at Armamex's request; (2) Armamex promised to pay for AHM's moving services; (3) Armamex defaulted on its promise to pay; and, (4) Armamex has been unjustly enriched in the amount of $140,202.24 as a result. *Id*. at 2-3.

Armamex filed its Motion to Dismiss on September 24, 2020. Dkt. No. 15. Armamex contends that the federal forum non conveniens doctrine requires the Court to dismiss this action for six main reasons. Specifically, it asserts that: (1) AHM is a Mexican company that transports heavy equipment in Mexico; (2) Armamex entered into the "subject agreement and series of transactions" with AHM in Mexico; (3) AHM provided all of its work and services in Mexico; (4) none of the contested "events or agreements" giving rise to this lawsuit occurred in this country or District; (5) Mexico is an available, adequate forum, and (6) private and public interest forum non conveniens factors favor Mexico as a forum and the dismissal of this lawsuit here. *Id*. at 2-3. AHM filed its "Response" to Armamex's Motion on October 13, 2020, and Armamex filed its "Reply" to that Response on October 23, 2020. Dkt. Nos. 16 and 17. On October 29, 2020, without first seeking leave, AHM filed a "Sur-Reply." Dkt. No. 18.[1]

### III.  Legal Standards

Federal courts sitting in diversity in the Fifth Circuit apply the federal doctrine of forum non conveniens when presented with a motion to dismiss based on forum non conveniens grounds. *In re Air Crash Disaster Near New Orleans, La. on July 9, 1982*, 821 F.2d 1147, 1159 (5th Cir. 1987) (en banc), *vacated on other grounds sub nom. Pan*

---

[1]  The Court has not struck AHM's Sur-Reply for failure to seek leave because the findings and recommendations contained in this Report would not change even if the Court were to disregard the Sur-Reply in its entirety.

*Am. World Airways, Inc. v. Pampin Lopez*, 490 U.S. 1032, 109 S.Ct. 1928, 104 L.Ed.2d 400 (1989); *Rajet Aeroservicios S.A. de C.V. v. Castillo Cervantes*, 801 F. App'x 239, 242 (5th Cir. 2020) (unpublished) (same); *Humble Equip. Co. v. Team Eagle Ltd.*, No. 3:17-CV-01575, 2018 WL 3946022, at *3 (W.D. La. Aug. 15, 2018) (same). The federal forum non conveniens doctrine provides that,

> when an alternative forum has jurisdiction to hear [a] case, and when trial in the chosen forum would establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiffs convenience, or when the chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems, the court may, in the exercise of its sound discretion, dismiss the case, even if jurisdiction and proper venue are established.

*Am. Dredging Co. v. Miller*, 510 U.S. 443, 447–48 (1994) (citations and internal quotation marks omitted). *See also Humble Equip. Co. v. Team Eagle Ltd.*, No. 3:17-CV-01575, 2018 WL 3946022, at *3 (same). When conducting a forum non conveniens analysis, the "ultimate inquiry" is to determine the forum where the "convenience of the parties and the ends of justice" will be best served. *Syndicate 420 at Lloyd's London v. Early Am. Ins. Co.*, 796 F.2d 821, 827 (5th Cir. 1986) (quoting *Koster v. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 527 (1947)).

To obtain dismissal on forum non conveniens grounds the movant must show: (1) that an available, adequate alternative forum exists; and, (2) that the balance of relevant private and public interest factors dictate in favor of dismissal. *Moreno v. LG Elecs., USA Inc.*, 800 F.3d 692, 696 (5th Cir. 2015) (citing *Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 671 (5th Cir. 2003)). "An alternative forum is adequate if the parties will not be deprived of all remedies or treated unfairly, even though they may not enjoy the same benefits as they might receive in [a federal] court." *Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 671 (internal quotation marks and citation

omitted). "An alternative forum is considered available if the entire case and all parties can come within its jurisdiction." *Id*. (citation omitted).

> Factors relating to the parties' private interests include "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, n. 6, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981) (internal quotation marks omitted). Public-interest factors may include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Ibid*. (internal quotation marks omitted).

*Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 63, n. 6 (2013).

The movant bears the burden of persuasion. *Camejo v. Ocean Drilling & Expl.*, 838 F.2d 1374, 1379 (5th Cir. 1989). This burden is ordinarily a heavy one. *Tellez v. Madrigal*, 223 F.Supp. 3d, 626, 634 (W.D. Tex. 2016) (citing *Sinochem Intern. Co., Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 430 (2007)). The burden "runs to all the elements of the forum non conveniens analysis." *In re Air Crash Disaster Near New Orleans, La. on July 9, 1982*, 821 F.2d 1147, 1164. *See also Rivas v. Greyhound Lines, Inc.*, No. EP-14-CV-166-DB, 2018 WL 1896413, at *4 (W.D. Tex. Mar. 1, 2018), *reinstatement denied*, No. EP-14-CV-166-DB, 2019 WL 1061744 (W.D. Tex. Mar. 5, 2019) (same); *Festor v. Wolf*, 647 F.Supp.2d 750, 754 (W.D. Tex. 2009) (same). The movant should, therefore, "put forth unequivocal, substantiated evidence presented by affidavit testimony" sufficient "to enable the district court to balance the parties [sic] interests." *Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1550 & n.14 (5th Cir. 1991) (quoting *In re Air Crash*, 821 F.2d 1147, 1165). Still, the "level of detail needed" depends on the facts of each case and "does not call for a detailed development of the entire case." *Rivas v. Greyhound*

*Lines, Inc.*, No. EP-14-CV-166-DB, 2018 WL 1896413, at *4 (quoting *In re Air Crash*, 821 F.2d 1147, 1165 n. 28). *See also Rajet Aeroservicios S.A. de C.V. v. Castillo Cervantes*, 801 F. App'x 239, 243 (defendant "need not submit overly detailed affidavits to carry its burden, but it must provide enough information" to allow the court to "balance the parties' interests". . . . the defendant must at least allege detailed facts in its motion for dismissal which, if not controverted, are sufficient to support [dismissal].") (unpublished) (citations omitted).

Federal courts should provide great weight to a plaintiff's choice of forum when balancing the forum non conveniens factors. The plaintiff's choice should be honored unless the balance of factors strongly weighs in favor of dismissal. *Schexnider v. McDermott Int'l, Inc.*, 817 F.2d 1159, 1163 (5th Cir. 1987) (noting that there is a "strong presumption in favor of the plaintiff's choice of forum that may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum."); *Syndicate 420 at Lloyd's London v. Early Am. Ins. Co.*, 796 F.2d 821, 830 (same); *Humble Equip. Co.*, No. 3:17-CV-01575, 2018 WL 3946022, at *3 (same).

Still, a court may show less deference to the plaintiff's choice of forum if the plaintiff is foreign. *Bund Zur Unterstutzung Radargeschadigter E.V. v. Raytheon Co.*, No. EP-04-CV-127-PRM, 2006 WL 3197645, at *9 (W.D. Tex. Aug. 30, 2006) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256 (1981)). The deference accorded to a foreign plaintiff's choice of forum requires the court to consider whether the choice was motivated by convenience. *Id*; *Empresa Lineas Maritimas Argentinas, S.A. v. Schichau-Unterweser, A.G.*, 955 F.2d 368, 373 (5th Cir. 1992) ("When a plaintiff chooses a foreign forum for its claims, courts are reluctant to assume that convenience motivated that choice."). A court should consider whether the plaintiff made its choice to vex or harass

the defendant. *Tellez v. Madrigal*, 223 F. Supp. 3d 626, 639 (citing *Prevision Integral de Servicios Funerarios, S.A. v. Kraft*, 94 F.Supp.2d 771, 781 (W.D. Tex. 2000)).

Conversely, a defendant sued in its own domicile will ordinarily struggle to convincingly argue that the forum is inconvenient. *Tivoli Realty, Inc. v. Interstate Circuit*, 167 F.2d 155, 157 (5th Cir. 1948).

> It is a fair inference that ordinarily one's domicile is not an inconvenient place for one to be sued. Every federal venue statute within our contemplation embraces the defendant's residence or domicile as one of the places for suits to be brought against him. The Clayton Act, *supra*, specially provides that any action under it against a corporation may be brought in any judicial district where it is an inhabitant, or wherein it may be found, or transacts business. Prima facie, therefore, it is not vexatious or oppressive, within the doctrine under consideration, to sue a corporation within the judicial district that meets not only one but all three of these several requirements as to venue.

*Id*. *See also Burt v. Isthmus Dev. Co.*, 218 F.2d 353, 357–58 (5th Cir. 1955) ("[A]ppellee is a Texas corporation and [] this suit was brought at its domicile which its incorporators chose and established. . . . [S]urely it cannot complain of being sued at its headquarters and domicile on the ground that a major portion of its actual operations occurs" primarily "in Mexico."); *Rajet Aeroservicios S.A. de C.V.*, 801 F. App'x 239, 245–46 (district court abused its discretion in issuing forum non conveniens dismissal of a suit brought by Mexican company against defendant residing in Texas with dual Texas and Mexico citizenship; among other things, the court offered only a conclusory analysis and failed to hold the defendant to its burden).

When considering whether to dismiss an action on forum non conveniens grounds, a court should provide "complete, detailed, and explicit" findings; "and it must identify and explain its resolution of any conflicts in the evidence." *Rajet Aeroservicios S.A. de C.V.*, 801 F. App'x 239, 244 (citing *CTF Cent. Corp. v. Inter-Cont'l Hotels Corp.*, No. 94-20841, 1995 WL 725353, at *7 (5th Cir. 13 Nov. 1995) (per curiam)). *See also In re Air*

*Crash*, 821 F.2d 1147, 1166 ("[A] district court abuses its discretion when it fails to address and balance the relevant principles and factors of the doctrine[.]").

## IV. Discussion

Armamex claims that the federal forum non conveniens doctrine requires this Court to dismiss this action because: (1) AHM is a Mexican company that transports heavy equipment in Mexico; (2) Armamex entered into the "subject agreement and series of transactions" with AHM in Mexico; (3) AHM provided all of its work and services in Mexico; (4) none of the contested "events or agreements" giving rise to this lawsuit occurred in this country or District; (5) Mexico is an available, adequate forum, and (6) private and public forum non convenience factors favor Mexico as a forum and the dismissal of this lawsuit here. Dkt. No. 15 at 2-3. The Court will address each of these points, though not in the order listed by Armamex.

**A. Mexico as an Available, Adequate Forum**. To determine the propriety of Armamex's request for dismissal, the Court must first determine if Armamex has shown that Mexico is an available, adequate alternative forum. *See Moreno v. LG Elecs., USA Inc.*, 800 F.3d 692, 696 (citing *Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 671). Armamex contends that Mexico is an available, adequate forum because it has engaged in the subject business activity with AHM in Mexico and "availed itself of Mexico's law." Dkt. No. 17 at 2. Armamex also states that it "consents to jurisdiction" in Mexico, and supports this statement with the signed, sworn affidavit of Jose Guillermo Davila, its Director of Business Development. *Id.* (citing Dkt. No. 17-1). In his affidavit, Jose Guillermo Davila (hereinafter, "Davila") states that Armamex "stipulates that the Courts in Mexico may properly exercise jurisdiction over Armamex for the claims alleged"

by AHM. Dkt. No. 17-1 at 3. In response, AHM states that it will not contest Mexico's adequacy as a forum, but claims that Armamex has failed to show that Mexico is truly an available forum. Dkt. No. 18 at 2-3. AHM asserts that Armamex has failed to present "evidence that it clearly and unequivocally ***submits*** itself to Mexico as the appropriate forum[.]" *Id.* at 2 (emphasis in original). AHM does not elaborate upon this argument, explain how Davila's affidavit fails as evidence, or otherwise provide the Court with a clear reason to find that Mexico is an unavailable forum. *Id*.

"An alternative forum is considered available if the entire case and all parties can come within its jurisdiction." *Rivas*, No. EP-14-CV-166-DB, 2018 WL 1896413, at *6 (quoting *Vasquez,* 325 F.3d 665, 671). "When [a] defendant submits to the jurisdiction of an alternative forum, the availability requirement is satisfied because there 'exists' an alternative forum in which the defendant 'is' amenable to process." *Id.* (quoting *Veba– Chemie A. G. v. M/V Getafix*, 711 F.2d 1243, 1246 (5th Cir. 1983)).

> There is a "nearly airtight presumption that Mexico is an available forum. [The Fifth Circuit has] held that if a defendant submits to jurisdiction, there is a presumption of forum availability . . . [It has] held in tort cases . . . that Mexico is an available forum for tort suits against foreign defendants." *Saqui v. Pride Cent. Am., LLC*, 595 F.3d 206, 212 (5th Cir. 2010) (internal quotation marks omitted) (quoting *In re Ford Motor Co.*, 591 F.3d 406, 413 (5th Cir. 2009) (per curiam)). "District courts do not have to start from scratch each time they consider a forum's availability; if [the Fifth Circuit has] found a forum to be available in earlier cases, district courts can rely on [its] precedent in similar cases to hold that it is still available." *In re Ford Motor Co.*, 591 F.3d at 413. "Unless plaintiffs can show evidence distinguishing [the] case from . . . precedent, an order from a Mexican court dismissing [the] exact case for lack of jurisdiction, or reliable evidence of some subsequent change in Mexican law that calls [its] earlier determinations into serious question, plaintiffs cannot prevail . . . ." *In re Ford Motor Co.*, 591 F.3d at 413.

*Id.*

Here, as AHM concedes, the record and relevant law before the Court require a finding that Mexico is an adequate forum. The Court will also assume, without deciding,

that Mexico is an available forum because Armamex states that it will submit to Mexico's jurisdiction. *See* Dkt. No. 17 at 2; Dkt. No. 17-1 at 3; *Marin Holdings Int'l Ltd. v. Frontera Offshore, Inc.*, No. CV 18-6490, 2019 WL 3306530, at *12–13 (E.D. La. July 23, 2019) ("The Court assumes, without deciding, that an alternative available and adequate forum exists in Mexico.") (citing *Quintero v. Klaveness Ship Lines*, 914 F.2d 717, 727 (5th Cir. 2002); *Veba-Chemie A.G. v. M/V Getafix*, 711 F.2d 1243, 1245).

**B. Private and Public Interest Forum Non Conveniens Factors**. Having found that Mexico is an adequate forum; and, assumed without deciding that it is an available forum, the Court must next determine if Armamex has shown that the private and public interest forum non conveniens factors favor the dismissal of this lawsuit. *See Moreno*, 800 F.3d 692, 696 (citing *Vasquez*, 325 F.3d 665, 671). As noted above, factors relating to the parties' private interests include: (1) the "relative ease of access to sources of proof;" (2) the "availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses;" (3) the possibility of viewing any relevant premises, if appropriate; and (4) "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, n. 6 (internal quotation marks omitted).

Armamex does not dispute that it is a Texas corporation residing in the Southern District of Texas. Dkt. No. 1 at 1, ¶ 2; Dkt. No. 9 at 1, ¶ 2. The parties agree that the work performed by AHM for Armamex was performed in Mexico. Similarly, they agree that AHM is a Mexican company that transports heavy equipment in Mexico. Dkt. No. 15 at 2; Dkt. No. 16 at 1-2. Beyond this, their agreement breaks down.

Armamex contends that it "entered into" the "subject agreement and series of transactions" with AHM "in Mexico." Dkt. No. 15 at 2. This is a strong, unqualified

assertion. It is also an assertion Armamex has failed to support. Davila's affidavit does not state that Armamex "entered into" the "subject agreement and series of transactions" in Mexico. Dkt. No. 17-1. Further, even if Davila's affidavit attempts to create this impression, AHM has submitted a signed, sworn affidavit from its "USA Managing Director," Juan Pablo D'Esezarte (hereinafter, "D'Esezarte"), which indicates that Armamex entered into the subject agreement and series of transactions from its office in Texas. Dkt. No. 15-1 at 1, ¶¶ 4-6.

In this affidavit, D'Esezarte states that Davila, who is located in Texas, asked AHM to provide a quote/bid for the movement of a cement plant and equipment from Puebla, Mexico to Veracruz, Mexico. Dkt. No. 16-1 at 2, ¶¶ 4-5. AHM responded by emailing a quote to Davila at his office in Texas. *Id*. at 2, ¶ 5. Armamex then "accepted the bid by signing the proposal and returning it" via email to AHM's office in Mexico. *Id*. at 2, ¶ 6. Thereafter, when AHM completed its work, it sent invoices to Davila in Texas. *Id*. at 2-3, ¶¶ 7-12. Davila received the invoices, stated that Armamex was happy with the work, and indicated that Armamex would pay the invoices in a timely manner. When Armamex failed to pay, AHM continued to contact Davila to get assurance of payment. Davila provided these assurances via email and telephone from Texas. The parties also met in person to discuss payment - in Texas - on October 19, 2019. *Id*.

AHM has submitted additional documents which support D'Esezarte's affidavit and characterization of events. Dkt. No. 16-1; Dkt. No. 16-2. These documents include: (1) two quotes provided by AHM, one of which is signed by Davila; and (2) an email from Davila in his Houston, Texas office which apologizes for Armamex's delay in payment and states that payment would be forthcoming. *Id*.

Thus, based upon the only evidence provided, it appears that Armamex instigated the alleged agreement(s) from Texas, assured AHM that it would pay for AHM's services from Texas, and failed to perform pursuant to the alleged agreement(s) from Texas. Dkt. No. 15-1 at 1-2.[2]  To the extent that agreement(s) occurred, then, it appears a Texas party entered into them with a Mexican party, via phone or email, or both, from Texas.  Or, at best, the agreements were reached, if at all, between Texas and Mexico.  Either way, these facts, by themselves, do not dictate in favor of disregarding AHM's choice of forum.  *See, e.g., Marin Holdings Int'l Ltd. v. Frontera Offshore, Inc.*, No. CV 18-6490, 2019 WL 3306530, at *12–13 ("Despite Frontera Inc.'s characterization of this action as centering around 'a Mexican commerce and customs dispute,' the action pending before the Court ultimately centers around the existence of contracts and their terms.").

Armamex next contends that Mexico is the more convenient forum because its defenses to AHM's claims will only require review of evidence from Mexico.  Dkt. No. 15 at 5-6; Dkt. No. 17 at 3-5.  Armamex accuses AHM of voicing "conclusory perceptions regarding the validity of [Armamex's] defenses," and states that AHM's perceptions are "premature" because all potentially relevant equipment, witnesses, work sites, packaging, records, lists, invoices, and correspondence will be from Mexico.  Dkt. No. 17 at 4.

It is not AHM's burden to show that Armamex's defenses lack validity, or otherwise present "mature" perceptions or evidence to defeat Armamex's Motion.  Rather, it is Armamex's burden to show that the location of actual evidence in this case dictates in favor of adjudication in Mexico.  Armamex has not met this burden.  It alludes to evidence existing in Mexico, but it mostly asks the Court to take its word that review of this evidence

---

[2] The Court comments on this evidence only to make that point that Armamex appears to have acted from Texas.  At this juncture, the Court draws no conclusions regarding the existence of any agreements or the merits of AHM's underlying claims.

will be necessary.  *See* Dkt. No. 17 at 4 ("[A]ny and all of the equipment, work-sites and potentially relevant premises are located outside of this state, and in Mexico.  Thus, as discovery in this matter progresses, it is certain that any need to inspect or view work sites, equipment or subject premises will undeniably be in Mexico.") (emphasis in original).  This request might not prove too much if Armamex were a Mexican corporation being hauled into a Texas court pursuant to an agreement reached entirely in Mexico.  But, as a Texas corporation, being sued in its own backyard, having instigated the subject business relationship from Texas, it must meet its heavy burden to show that Mexico is the forum where the "convenience of the parties and the ends of justice" will be best served.  *Syndicate 420 at Lloyd's London v. Early Am. Ins. Co.*, 796 F.2d 821, 827.

Here, the record indicates that two main witnesses, Davila and D'Esezarte, reside in Texas.  Dkt. No. 16-1 at 1, ¶¶ 2, 4.  AHM has also submitted discovery responses from Armamex indicating the existence of eight other potential witnesses.  Dkt. No. 16-3 at 8.  All but two of these witnesses appear to be party witnesses.  *Id*.  Armamex does not specify where these eight witnesses reside.  Instead, Armamex is vague, stating that the "relevant witnesses" and "non-parties involved" will "*likely* all be Mexican residents and will not speak English as their native language—if they speak it at all."  Dkt. No. 15 at 5 (emphasis added).  Still, even presuming that these alleged witnesses reside in Mexico, Armamex has not shown that this Court will need to hear their testimony.

Armamex's arguments about the public interest factors are similarly unconvincing.  Again, public-interest factors may include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 63, n.

6. Armamex suggests that Mexican law will govern this case; therefore, dismissal will remove this Court's need to "hear extensive expert testimony on Mexican law[.]" Dkt. No. 15. However, Armamex has not demonstrated that Mexican law will apply. There is currently no document before the Court with a choice of law provision, nor is there any other writing indicating that an alleged agreement instigated by a Texas corporation, from Texas, will require the application of Mexican law.

Similarly, Armamex makes much of the cost of translating documents and testimony from Spanish to English. Dkt. No. 15 at 5; Dkt. No. 17 at 2-4. Thus far, however, the documents submitted include two affidavits in English, an email in English, and two one-page quotes in Spanish, the translation of which will hardly prove taxing or expensive. Though the Court does not doubt that resolution of this case may require some accommodation of Spanish documents or testimony, Armamex has not shown that this will necessarily occur, or that it will occur on a burdensome level.

Armamex has not met its burden to show that the balance of private and public interest factors weigh in favor of dismissal. Armamex states, "[u]ndisputedly, all of the events giving rise to this cause of action occurred in Mexico[.]" Dkt. No. 15. It has not supported this sweeping statement with facts or evidence. It has also produced no evidence indicating that AHM sought to vex or harass it by suing it in its home forum. Counsel for Armamex and AHM both reside in this District. Davila and D'Esezarte also reside in Texas. Armamex's Motion to Dismiss is without merit and should be **DENIED**.

## V. Recommendation

For all the foregoing reasons, it is recommended that the Court **DENY** Armamex's Motion to Dismiss. Dkt. No. 15.

## VI.  Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

**SIGNED** on this **17th** day of November, 2020, at Brownsville, Texas.

_____
Ignacio Torteya, III
**United States Magistrate Judge**