United States District Court
Southern District of Texas
**ENTERED**
January 06, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ALL HEAVY MOVERS DE MEXICO, S.A. DE C.V.,<br>　　Plaintiff, | §§§§§ | |
| v. | §§ | Civil Action No. 1:20-cv-00058 |
| ARMAMEX INTERNATIONAL, INC.,<br>　　Defendant. | §§§§ | |

### ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court are the following: "Magistrate Judge's Report and Recommendation" ("R&R") (Docket No. 19); Armamex International, Inc.'s ("Defendant") "Motion to Dismiss Based on Forum Non Conveniens" ("MTD") (Docket No. 15) and "Armamex International, Inc.'s Objection to the Magistrate Judge's Report and Recommendation" ("Objections") (Docket No. 20); All Heavy Movers De Mexico, S.A. de C.V.'s ("Plaintiff") "All Heavy's Response in Opposition to Armamex International, Inc.'s Objection to the Magistrate Judge's Report and Recommendation" (Docket No. 21). After a de novo review of the record, the R&R is **ADOPTED**. Thus, Defendant's MTD (Docket No. 15) is **DENIED**.

### I.    BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed its Complaint alleging: (1) it transported equipment from Puebla, Mexico to Veracruz, Mexico, at Defendant's request; (2) Defendant promised to pay for Plaintiff's moving services; (3) Defendant defaulted on its promise to pay; and, (4) Defendant was unjustly enriched as a result. Docket No 1. Defendant filed its MTD alleging the federal forum non conveniens doctrine required dismissal. Docket No. 15. The Magistrate's R&R recommends denying Defendant's MTD. Docket No. 19. Defendant objected to the R&R. Docket No. 21.

### II.    DISCUSSION

When conducting a forum non conveniens analysis, the "ultimate inquiry" is to determine the forum where the "convenience of the parties and the ends of justice" will be best served. *Syndicate 420 at Lloyd's London v. Early Am. Ins. Co.*, 796 F.2d 821, 827 (5th Cir. 1986) (quoting *Koster v. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 527 (1947)). To obtain dismissal on forum non conveniens grounds, the movant must show: (1) an available, adequate alternative forum

1

exists; and, (2) the balance of relevant private and public interest factors dictates in favor of dismissal. *Moreno v. LG Elecs., USA Inc.*, 800 F.3d 692, 696 (5th Cir. 2015) (citing *Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 671 (5th Cir. 2003)). Defendant has the burden of proving *all* private and public factors weigh heavily on its side to dismiss in favor of a foreign forum. *In re Air Crash Disaster Near New Orleans, La.*, 821 F2d. 1147, 1164 (5th Cir. 1987) (emphasis added).

Defendant contends translation of about 68 documents from Spanish to English is a sufficient burden to warrant dismissal and asserts that during discovery more documents will need translation. This case does not involve a challenge to services Plaintiff provided to Defendant. Docket No. 1. Thus, none of the public interest factors favor Defendant.

**III.   CONCLUSION**

The R&R is **ADOPTED**. Defendant's MTD (Docket No. 15) is **DENIED**.

Signed on this 5th day of January, 2021.

Rolando Olvera
United States District Judge

2